IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 10, 2015

**STATE OF TENNESSEE v. AURELIO GARCIA SANCHEZ**

**Criminal Court for Macon County**
**No. 2012CR13**

**No. M2014-01997-CCA-R3-CD – December 4, 2015**

ROBERT L. HOLLOWAY, JR., J., concurring.

Although I concur with lead opinion's conclusion that the trial court did not abuse its discretion in ordering consecutive sentencing, I write separately to express my opinion that the imposition of a 125-year sentence to be served at 100% pushes to the limit the presumption of reasonableness under State v. Pollard, 432 S.W.3d 851 (Tenn. 2013) and State v. Bise, 380 S.W.3d 682 (Tenn. 2012). Without diminishing the seriousness of the offense of rape of a child, I would note that the 125-year sentence is over twice as long as a life sentence for first degree murder, 60 years.

The Investigation Report, admitted through the only witness who testified at the sentencing hearing, shows that the Defendant was 36 years of age at the time the report was prepared and that he had one prior conviction for misdemeanor assault in 1999. When asked in the victim impact statement to "[g]ive your recommendation for sentencing the Offender," the victim, B.S., wrote "20 yrs."

The trial court noted that, in cases with multiple convictions, it looked at Tennessee Rule of Criminal Procedure 32 and Tennessee Code Annotated section 40-35-115 to determine the alignment of the sentences. Subsection 40-35-115(b)(5) allows the trial court to order consecutive sentences if it finds by a preponderance of the evidence:

The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and the

victim [], the time span of the defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim [].

The trial court found the Defendant was the stepfather of the victim, the five offenses occurred over a long period of time, and the victim suffered mental damage that may affect her for life. The trial court stated it was "disappointed" with the Defendant's statement in the presentence report, in which the Defendant referred to himself as the victim. The trial court found that the Defendant showed no remorse and that consecutive sentencing was appropriate.

Because the trial court sentenced the Defendant within the appropriate sentencing range and placed findings on the record to support consecutive sentencing, "the applicable standard of appellate review for a challenge to the imposition of consecutive sentences is abuse of discretion with a presumption of reasonableness." Pollard, 432 S.W.3d at 853. When compared to a life sentence for murder, the 125-year sentence seems overly punitive. That disparity however is not sufficient to overcome the presumption that the sentence imposed by the trial court is reasonable. Therefore, I cannot hold that the trial court abused its discretion in ordering five consecutive sentences based on the standard of review set out in Pollard, and I concur in the lead opinion.


_____
ROBERT L. HOLLOWAY, JR., JUDGE